## COUNTY OF PENOBSCOT.

## LORD *versus* BICKNELL.

Where one of several sureties upon a replevin bond was sufficient at the time of giving it, and is not shown to have since become irresponsible, an action cannot be maintained against the officer, for taking an insufficient bond, although all the other sureties were insolvent when the bond was given.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

CASE. The defendant is a deputy sheriff. He took from Lord a yoke of oxen upon writ of replevin in favor of one Miller. Judgment was rendered in favor of Lord, the defendant in that suit, for a return of the oxen, and for damage assessed at $40, and for cost $115,54. Execution upon that judgment was duly issued and seasonably placed for service in the hands of an officer, who returned it in no part satisfied, certifying that he had demanded the oxen of Miller, who

neglected to deliver them ; and also that he had made search for them, but without being able to find them.

. Lord charges, that the sureties taken by the defendant on the replevin bond were insufficient, wherefore he brings this action. Before the rendition of the judgment in that suit, both the sureties had removed from the State, and have not since returned.

The plaintiff admitted, that, at the time of signing the bond, one of the sureties was sufficient, and offered to prove the insufficiency of the other. A nonsuit was entered by consent, to be taken off if the evidence ought to have gone to the jury.

*McCrillis* and *Crosby*, for the plaintiff.

*M. L. Appleton*, for the defendant.

HATHAWAY, J. — Case against a deputy sheriff for taking insufficient sureties in a replevin bond.

The writ of replevin was in form prescribed by stat. of 1821, c. 63, reënacted by c. 114 of the R. S., and required the officer to take a bond with sufficient surety or sureties. Chapter 130, § 10, provides that the officer shall take a bond with sufficient sureties. The bond taken by the defendant had two sureties, one of whom only was sufficient.

By c. 114, § 1, the Court is authorized to make alterations in the forms of writs to adapt them to the changes in the law, but no alteration seems to have been made by the Court in the form of the writ of replevin. How far the defendant might justify himself in the literal obedience to his precept, by taking a bond with sufficient " surety or sureties," under the general rule of law that the sheriff, being a ministerial officer in the service of writs, is bound to obey the process of the Court, in matters of which the Court has jurisdiction, it is unnecessary to determine in this case, for the liabilities of sureties in a replevin bond are similar to the liabilities of bail. *Badlam* v. *Tucker*, 1 Pick. 287.

By stat. 23 Henry 6, c. 9, the sheriff was authorized to let to bail upon " reasonable sureties." Yet a bond with one

surety was good, and valid against the surety ; and the liability of the sheriff contingent, " if the surety taken should not be sufficient to respond on a recovery in a suit on the bond," or " if he become irresponsible the liability devolves upon the officer, who has accepted a bail bond with less than two sureties." *Glezen* v. *Rood*, 2 Met. 490.

The case at bar finds that one of the sureties was sufficient, and furnishes no evidence that he does not continue so, or that the plaintiff has suffered any damage by reason of the insufficiency of the other surety ; and in all cases where an officer is sued for official misfeazance or negligence, the rule is clear that the plaintiff is entitled to recover no more, than what he has actually lost by such misfeazance or negligence. *Pierce & al.* v. *Strickland*, 2 Story, 310.

The removal of the sureties from the State was a contingency, against which the defendant was not bound to provide.

*Nonsuit confirmed.*

SHEPLEY, C. J., and WELLS and RICE, J. J., concurred.